IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-0262-WS |
| | ) | |
| STANLEY M. WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on the defendant's motion to dismiss Count Seven. (Doc. 23). The government has filed a response, (Doc. 54), and the motion is ripe for resolution.

Count Seven charges a violation of 18 U.S.C. § 1513(e), the full text of which reads as follows:

> (e) Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.

The defendant's motion to dismiss was filed based on the original indictment. The government has obtained two superseding indictments since the motion to dismiss was filed, but the language of Count Seven remains unchanged and reads in its entirety as follows:

> From January 2011 continuing through on and through [sic] the date of this indictment, in the Southern District of Alabama, Southern Division and elsewhere, the defendant,
> STANLEY MARSHALL WRIGHT
> did knowingly, with the intent to retaliate, take an action harmful to an individual known to the Grand Jury and identified as D.W. which was harmful to and which interfered with the lawful employment and livelihood of D.W., for providing to a law enforcement officer truthful information relating to the possible commission of a Federal offense.

[1]

All in violation of Title 18, United States Code, Section 1513(e).
(Doc. 118 at 9).

As can be readily observed, the indictment does little more than track the language of Section 1513(e), adding only the time of the offense (a one-year period from January 2011 through the January 2012 second superseding indictment) and the place of the offense (within this District and elsewhere). The indictment does not identify the truthful information provided by the witness and does not identify any federal offense to the possible commission of which the truthful information relates. Most crucially, the indictment does not identify the action taken by the defendant that was harmful to the witness.

There are at least two "criteria by which the sufficiency of an indictment is to be measured." *Russell v. United States*, 369 U.S. 749, 763 (1962). The first is "whether the indictment contains the elements of the offense and sufficiently apprises the defendant of what he must be prepared to meet." *Id*. at 763 (internal quotes omitted). At least by its failure to identify the "action" made the basis of the prosecution, Count Seven fails to satisfy this criterion.

"It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, - it must descend to particulars." *Russell*, 369 U.S. at 765 (internal quotes omitted); *accord United States v. Bobo*, 344 F.3d 1076, 1084 (11th Cir. 2003) ("When the indictment uses generic terms, it must state the offense with particularity."). This principle has been endorsed by the Supreme Court since at least Reconstruction. *United States v. Cruikshank*, 92 U.S. 542, 558 (1875); *accord United States v. Hess*, 124 U.S. 483, 487 (1888) ("Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.").

As an example of this principle in action, "[i]t is a crime to steal goods and chattels; but an indictment would be bad that did not specify with some degree of certainty the articles stolen." *Cruikshank*, 92 U.S. at 558. A failure to identify the false representations underlying a false pretenses count dooms an indictment for the same reason. *United States v. Diecidue*, 603 F.2d 535, 547 (5th Cir. 1979) (explaining *United States v. Nance*, 533 F.2d 699, 701 (D.C. Cir. 1976)). Likewise, a count under the predecessor to the mail fraud statute was fatally defective because it did not describe the alleged scheme to defraud. *Hess*, 124 U.S. at 483, 488-89.

The mischief unleashed by such an indictment is easy enough to see. "A cryptic form of indictment in cases of this kind requires the defendant to go to trial with the chief issue undefined. It enables his conviction to rest on one point and the affirmance of the conviction to rest on another. It gives the prosecution free hand on appeal to fill in the gaps of proof by surmise or conjecture." *Russell*, 369 U.S. at 766.

There can be few words in the English language more generic than "action." With no designation in the indictment of what "action" he is on trial for, the defendant is left to guess at the target, and the prosecution is left free to improvise at trial and again on appeal. This is precisely what the Supreme Court has ruled impermissible. The problem is exacerbated in this case by a confluence of factors. First, Section 1513(e) was enacted only in 2002, too recently to have received significant judicial attention. Thus, the threshold for an "action," an action "harmful to any person," and an action that "interfere[s] with … lawful employment or livelihood" remains obscure, leaving open the possibility that the government could base a prosecution on something as minor and forgettable as an offhand negative comment. Second, the defendant is the mayor of a small town and the witness is a police captain within that small town,[1] such that the universe of interactions and potential "actions" over a one-year period approaches the unlimited.

---

[1] The 2010 census credits Bayou La Batre with a population of 2,558.

The government's own briefing reflects that the problem with which the Supreme Court expressed concern is more than theoretical. Although the indictment explicitly charges a single "action," the government now identifies four different retaliatory actions allegedly taken by the defendant against the witness. (Doc. 130 at 4). So on which action does the government rely? Even it does not appear to know; certainly it does not commit to a single action in its brief. On the contrary, it refers to these multiple actions as either "individually or collectively" part of its case. Moreover, the government neither confirms that there are no other "actions" on which it may rely at trial[2] nor denies that "the action" as used in the indictment is generic within the contemplation of the cases cited.[3]

Instead, the government takes the position that an indictment necessarily satisfies the first *Russell* criterion "so long as the language [in the indictment] sets forth the essential elements of the crime." (Doc. 54 at 2). That is, the government would read out of the law the requirement in *Russell* that an indictment both contain the elements of the offense "*and* sufficiently appris[e] the defendant of what he must be prepared to meet." 369 U.S. at 763 (emphasis added). It would ignore the quoted language from *Hess* (quoted also by the *Russell* Court) that the indictment must include "such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." It would discard the precedent of almost 140 years that an indictment cannot rest on "generic" terms.

---

[2] "[I]t is a settled rule that a bill of particulars cannot save an invalid indictment." *Russell*, 369 U.S. at 769. Thus, even had the government in its brief committed itself to a definite "action" or universe of actions, such could not substitute for an identification of those actions in the indictment itself.

[3] *See United States v. McGarity*, ___ F.3d ___, 2012 WL 370104 at *___ (11th Cir. Feb. 6, 2012) (in a prosecution under 18 U.S.C. § 1512(c), *Russell* and like cases were not satisfied where "the only notice provided here is that the defendants obstructed an unknown official proceeding at some time in some place by some action").

The government's position stems from a misapplication of equally hoary precedent. In *United States v. Carll*, 105 U.S. 611 (1881), the indictment tracked the statute, but the statute did not mention the essential element that the defendant know the uttered instrument was forged and counterfeited; thus, the indictment did not mention this element, either. The *Carll* Court unsurprisingly ruled that "it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished …." *Id*. at 612. This principle makes perfect sense, but it does not address or purport to sanction an indictment that, while containing all the elements of the offense, leaves the defendant ignorant of the conduct for which he is to be tried.

In *United States v. Hamling*, 418 U.S. 87 (1974), the Court rephrased *Carll* from the negative to the affirmative, using the introductory phrase, "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself," so long as the statutory language encompasses every element of the offense. *Id*. at 117. But *Hamling* did not, any more than *Carll*, endorse indictments that address the elements of the offense but do not identify the defendant's wrongful conduct. It could hardly have done so, since the sentence immediately preceding the quoted phrase echoes *Russell*'s demand that the indictment "fairly inform [the] defendant of the charge against him which he must defend," and the sentence immediately following quotes *Hess* for the proposition that even an indictment following the statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense … with which he is charged." *Id*. at 117-18. The *Hamling* Court deemed an indictment containing all elements of the offense only "generally sufficient" precisely because it recognized there will be cases under *Hess* and *Russell* when supplemental information is required in order to apprise the defendant fairly of the charge against him. The *Hamling* Court ruled that no such case was before it, because the definition of obscenity for which

[5]

the defendant clamored presented "not a question of fact" under *Hess* but one of sufficiently definite law. *Id*. at 118-19.

The Supreme Court affirmed as recently as 2007 that "while an indictment parroting the language of a federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity." *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007) (citing *Hamling* and *Russell*). There is, in short, no doubt that merely mentioning all the elements of the crime (whether by tracking the statute or otherwise) does not, as the government contends, automatically insulate an indictment from attack.

The government relies for its contrary position on *United States v. Cole*, 755 F.2d 748 (11th Cir. 1985). The *Cole* Court correctly acknowledged that an indictment "must be sufficiently specific to inform the defendant of the charges against him," but it erroneously concluded that "[a]n indictment satisfies these requirements as long as the language therein sets forth the essential elements of the crime." *Id*. at 759. The *Cole* Court relied on *Hamling* for both propositions but, as noted above, *Hamling* does not support the latter proposition. *Cole* and cases like it[4] are generally dicta[5] and, in light of the Supreme Court authority discussed above, could not stand even were they holding. There is, moreover, another strand of Eleventh Circuit jurisprudence that more faithfully renders the Supreme Court precedents from which it descends.[6]

---

[4] *See, e.g., United States v. Ndiaye*, 434 F.3d 1270, 1298-99 (11th Cir. 2006); *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983).

[5] The Court noted that the indictment did not merely list the elements of the offense of conspiracy to import a controlled substance but also identified the controlled substance, the co-conspirators, the time span of the conspiracy and the place of the conspiracy. 755 F.2d at 759.

[6] *See, e.g. United States v. McGarity*, ___ F.3d ___, 2012 WL 370104 at *___ n.25 (11th Cir. Feb. 6, 2012); *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007) ("An indictment that tracks the language of the statute is sufficient, *as long as it also* provides a statement of facts and circumstances that give notice of the offense to the accused.") (emphasis added); *United States v. Jordan*, 582 F.3d 1239, 1246 (11th Cir. 2009) (same); *United States v. Schmitz*, 634 F.3d 1247, 1261 (11th Cir. 2011) ("Even when an indictment tracks the language of the statute, *it must be accompanied with* such a statement of the facts and circumstances as will
(Continued)

For the reasons set forth above, the defendant's motion to dismiss Count Seven is **granted**.[7] Count Seven of the second superseding indictment is **dismissed**.

DONE and ORDERED this 8th day of February, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

inform the accused of the specific offense … with which he is charged.") (emphasis added) (internal quotes omitted); *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (same). The *McGarity*, *Schmitz* and *Bobo* Courts held that these principles required dismissal of certain counts of their respective indictments. 634 F.3d at 1261-64; 344 F.3d at 1083-86.

[7] The defendant's motion to dismiss raises several additional arguments but, since his first argument is dispositive, it is unnecessary to visit them here. It is likewise unnecessary to consider whether, as the defendant contends, the indictment is defective under the authorities cited herein due to its failure to identify the truthful information the witness provided law enforcement, the possible federal offenses to which the information relates, and the manner in which the defendant's unidentified action harmed the witness or interfered with his employment. For the same reason, the defendant's second motion to dismiss Count Seven, (Doc. 108), his motion for a bill of particulars as to Count Seven, (Doc. 107), and his motion to sever Count Seven, (Doc. 26), are **denied as moot**.