# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 11-0262-WS |
| ) | |
| STANLEY M. WRIGHT, ) | |
| MARY L. WRIGHT a/k/a ) | |
|    MARY W. STRACHAN, a/k/a ) | |
|    MARY W. COOK, and ) | |
| JANEY GALBRAITH, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the Court on the motions of defendants Mary Wright and Janey Galbraith to sever and/or relief from prejudicial joinder. (Docs. 24, 74). The government has filed responses, (Docs. 48, 95), and the motions are ripe for resolution.

Wright's motion seeks only the severance of Count Seven. (Doc. 24 at 3). The Court has so construed the motion by previous order, without objection from Wright. (Doc. 37 at 2). Because, by separate order, Count Seven has been dismissed, Wright's motion is **denied as moot**.[1]

Galbraith is a co-defendant with one or both of the Wrights under two conspiracy counts. She is thus properly joined under Rule 8(b).[2] Galbraith seeks a severance for

---

[1] Even could Wright's motion fairly be construed as seeking a severance of all remaining claims involving Stanley Wright from those involving her, such a motion would be swiftly denied. Following the dismissal of Count Two by separate order, Wright and Stanley Wright remain as co-defendants in one conspiracy count and four substantive counts. They patently are properly joined as defendants under Rule 8(b), and Wright claims prejudicial joinder under Rule 14(a) only with respect to Count Seven (which has been dismissed), not the other counts. (Doc. 24 at 2).

[2] "[J]oinder of offenses and defendants under Fed. R. Crim. P. 8(b) is proper where, as here, an indictment charges multiple defendants with participation in a single conspiracy and also (Continued)

trial under Rule 14(a) of all claims against her on the grounds that her connection to the first conspiracy (but not the second) is "tenuous" and that she is not a defendant in four substantive counts against her co-defendants. (Doc. 74 at 3). Galbraith vaguely asserts "jury confusion," (*id*. at 4), but she does not explain this confusion (other than with respect to the already-dismissed Count Seven), and it is not self-evident. "Severance under Rule 14 of the Federal Rules of Criminal Procedure is warranted only when a defendant demonstrates that a joint trial will result in specific and compelling prejudice to his defense." *United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001) (internal quotes omitted). Galbraith's conclusory statement does not come within a country mile of this exacting standard. Accordingly, her motion is **denied**.

DONE and ORDERED this 8th day of February, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

charges some but not all of the defendants with substantive counts arising out of the conspiracy." *United States v. Day*, 405 F.3d 1293, 1297 (11th Cir. 2005) (internal quotes omitted).