# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-0262-WS |
| | ) | |
| STANLEY M. WRIGHT, | ) | |
| MARY L. WRIGHT a/k/a | ) | |
|    MARY W. STRACHAN, a/k/a | ) | |
|    MARY W. COOK, and | ) | |
| JANEY GALBRAITH, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on the defendants' motions to sever. (Docs. 208-10). The government has filed a response, (Doc. 239), and the motion is ripe for resolution.

The defendants are Stanley Wright ("Stanley"), mayor of Bayou La Batre ("the City"); his daughter, Mary Wright ("Mary"); and Janey Galbraith, who administered certain federal grants awarded the City. The charges against them can be divided into three groupings, as described in the succeeding three paragraphs.

Count One of the third superseding indictment charges that all three defendants conspired to defraud the United States in connection with a FEMA grant, specifically in connection with the purchase by the City of a parcel of property. Count Two charges that Stanley and Mary fraudulently obtained funds from the City upon its purchase of the property. Counts Three through Six charge that Stanley and Mary engaged in money laundering to hide their unlawful conduct under Counts One and Two. (Doc. 180 at 3-9).

Count Nine charges that Stanley and Galbraith conspired to defraud the United States in connection with a HUD grant, specifically in connection with the awarding of housing assistance. Counts Ten through Fifteen charge Galbraith with substantive offenses arising from the conspiracy and involving the sending of three e-mail

[1]

transmissions to HUD in the course of its audit of the City's compliance with the grant. (Doc. 180 at 12-20).

Count Seven charges that Stanley took certain actions against a City police officer ("D.W.") in order to retaliate against him for providing truthful information to the FBI concerning Stanley's activities regarding the FEMA and HUD grants and relating to the possible commission of certain federal offenses, viz., the crimes charged in Counts One, Two and Nine, in violation of 18 U.S.C. § 1513(e). Count Eight charges that Stanley took the same actions in order to discourage D.W. from providing the FBI information about such matters, in violation of 18 U.S.C. § 1512(b)(3). (Doc. 180 at 10-12). The defendants seek a severance of Counts Seven and Eight. Mary invokes Rule 8(a), Mary and Galbraith invoke Rule 8(b), and all three defendants invoke Rule 14(a).[1]

Rule 8(a) addresses the joinder of offenses against a particular defendant. A defendant may be charged "in separate counts with 2 or more offenses if the offenses charged … are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

Rule 8(b) addresses the joinder of multiple defendants. A single indictment may charge more than one defendant "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

Rule 14(a) addresses severance when joinder is proper under Rule 8. "If the joinder of offenses or defendants … appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

---

[1] Mary's current motion invokes no rule at all, but she "renews and realleges" all grounds asserted in her predecessor motion to sever. (Doc. 209 at 2). According to Mary, that earlier motion "has not been ruled on," (*id*. at 1), but she is mistaken. (Doc. 145).

**A. Rule 8(a).**

Mary offers no argument in support of her lonely Rule 8(a) assertion. She has not shown even that the rule has any application to her motion. *See, e.g., United States v. Kopituk*, 690 F.2d 1289, 1312 (11th Cir. 1982) ("It is well established that Rule 8(a) applies only in cases involving a single defendant charged with multiple offenses, whereas Rule 8(b) governs in cases involving multiple defendants.").

At any rate, the former Fifth Circuit has held that the joinder of a witness intimidation count with counts charging tax fraud is proper under Rule 8(a). *United States v. Scott*, 659 F.2d 585, 589 (5th Cir. 1981). Because the defendant's "intimidation of [the witness] was an attempt to escape criminal liability for his conduct charged in the tax return counts, … a direct relationship exists between the tax return counts and the witness intimidation counts." *Id*. Consequently, the tax count and the witness intimidation count were based on "two or more transactions connected together" within the contemplation of Rule 8(a). *Id*.[2] Other Courts of Appeal have repeatedly held similarly.[3] Here, the indictment expressly charges that Stanley intimidated, and retaliated

---

[2] The language of Rule 8(a) has changed slightly since *Scott* was decided, but only stylistically. Fed. R. Crim. P. 8 advisory committee notes to 2002 amendments. *Scott* thus remains the law of this Circuit under the current version of Rule 8(a).

[3] *See, e.g., United States v. Rock*, 285 F.3d 548, 552 (8th Cir. 2002) ("We agree with the district court that the witness tampering and felon-in-possession offenses were properly joined because they were factually interrelated," in that the witness tampering "was an attempt to avoid prosecution on the firearms charge"); *United States v. Balzano*, 916 F.2d 1273, 1280 (7th Cir. 1990) (witness intimidation count "was clearly part and parcel of the same criminal scheme" as the conspiracy and extortion counts, because the defendant's intimidation "was an attempt to prevent testimony concerning [the defendant's] criminal activities, and a conspiracy and its cover-up are parts of a common plan") (internal quotes omitted); *United States v. Fagan*, 821 F.2d 1002, 1007 (5th Cir. 1987) (witness intimidation counts were properly joined with mail fraud counts because "[t]he scheme [to defraud] could not be considered a success if it or part of it were to be established on the public record or if he were to be held civilly liable for it," such that the intimidation "was an integral part of [the defendant's] continuing effort to ensure nondisclosure and retain the benefits of his fraud"); *United States v. Carmichael*, 685 F.2d 903,
(Continued)

against, a witness in order to keep him from, or punish him for, furnishing information to law enforcement that could inculpate Stanley on the other charges raised against him by the indictment. As charged, it is obvious that Stanley engaged in the alleged conduct in "an attempt to escape criminal liability for his conduct charged in the [other] counts" and to sanction the witness for exposing his potential criminal liability. Consequently, " a direct relationship exists between the [other] counts and the witness intimidation [and retaliation] counts." Joinder of Counts Seven and Eight was therefore proper under Rule 8(a).

### B. Rule 8(b).

"[T]he analysis under either subsection is, with one exception, more or less the same." *Kopituk*, 690 F.2d at 1312. The exception is this: Rule 8(a) allows the joinder against a single defendant of offenses that "are of the same or similar character," even if the offenses do not, as under Rule 8(b), arise out of the same series of acts or transactions. *Id*. The explanation for the exception is this:

> When similar but unrelated offenses are jointly charged to a single defendant, some prejudice almost necessarily results, and the same is true when several defendants are jointly charged with a single offense or related offenses. Rule 8(a) permits the first sort of prejudice and Rule 8(b) the second. But the Rules do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses.

*Cupo v. United States*, 359 F.2d 990, 993 (D.C. Cir. 1966), *quoted with approval in United States v. Levine*, 546 F.2d 658, 662 (5th Cir. 1977).

Were joinder of Counts Seven and Eight proper under Rule 8(a) on the grounds that they are similar to, but unrelated to, the other counts against Stanley, joinder might

---

905-06, 910 (4th Cir. 1982) (obstruction of justice charges were properly joined with other charges because the obstruction was undertaken "to conceal the actions for which [the defendants] were charged under conspiracy and substantive counts").

[4]

well be improper under Rule 8(b). But, as discussed above, Counts Seven and Eight "are connected with … a common scheme or plan" under Rule 8(a). They are likewise part of the "same series of acts or transactions" forming the basis of the other counts under Rule 8(b).

As used in Rule 8, "'[t]ransaction' is a word of flexible meaning [that] may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976) (internal quotes omitted). Where a defendant was charged with mail fraud, making false statements, and obstruction of justice (by attempting to interfere with a witness against him), the obstruction charges "grew out of [the defendant's] attempt to avoid implication in or the detection of a fraudulent scheme[;] [t]hus, the coverup attempts bear a logical relationship to the underlying fraud claims." *United States v. Davis*, 752 F.2d 963, 966-67, 972 (5th Cir. 1985). The "direct relationship" between a crime and its coverup was confirmed by the former Fifth Circuit in *Scott*. 659 F.2d at 589.

To survive scrutiny under Rule 8(b), a conceptually logical relation between crime and coverup does not suffice. In addition, it must be that "the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense." *United States v. Corbin*, 734 F.2d 643, 649 (11th Cir. 1984) (internal quotes omitted). When this connection exists, the offenses are part of "the same series of acts or transactions" for purposes of Rule 8(b). *Id.* Such a connection is present when the co-defendant is charged with perjury concerning other charged offenses, since the prosecution must prove facts regarding those offenses in order to prove the co-defendant

testified falsely. *Id*. at 649-50; *accord United States v. Dekle*, 768 F.2d 1257, 1261 (11th Cir. 1985).[4]

The necessary factual connection is likewise present when the co-defendant is charged with intimidating a witness under Section 1512(b)(3) or retaliating against a witness under Section 1513(e). The latter statute requires the government to prove that the witness "provided truthful information relating to the commission or possible commission of any Federal offense," while the former requires the government to prove that Stanley sought to delay, hinder or prevent the witness from "communicat[ing] information relating to the commission or possible commission of a Federal offense." Because the "federal offenses" in this case are primarily the conspiracies charged in Counts One and Nine, under Counts Seven and Eight the government is required to show the actual or possible commission of the same conspiracies made the subject of Counts One and Nine. That the government need not, to prove Counts Seven and Eight, submit all its evidence concerning Counts One and Nine is irrelevant. *See Dekle*, 768 F.2d at 1261 (that proof of perjury "involved proving one phase of the … conspiracy" satisfied Rule 8(b)).

Galbraith insists that substantive offenses against a subset of defendants can be joined in a single indictment with a conspiracy offense against all defendants only when the substantive offense "fall[s] within the scope of the conspiracy." (Doc. 210 at 5). As the very authority on which she relies makes plain, however, the "scope of the conspiracy" analysis is an alternative means of rescuing a count when "two transactions are not a series of transactions, as required by 8(b)." *United States v. Gentile*, 495 F.2d 626, 631-32 (5th Cir. 1974). Since, as just discussed, Counts Seven, Eight, One and Nine are all part of a series of transactions within Rule 8(b) based on their overlapping proof

---

[4] Galbraith argues that a "substantial identity of facts [and] participants" is required. (Doc. 210 at 6). This formulation goes no further than that quoted from *Corbin*. 734 F.2d at 649-50.

requirements, it is irrelevant whether Counts Seven and Eight also fall within the scope of the conspiracies charged in Counts One and Nine.[5]

### C. Rule 14(a).

"Severance under Rule 14 of the Federal Rules of Criminal Procedure is warranted only when a defendant demonstrates that a joint trial will result in specific and compelling prejudice to his defense." *United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001) (internal quotes omitted). "The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict." *United States v. Walser*, 3 F.3d 380, 386-87 (11th Cir. 1993). The burden is on the defendants to demonstrate compelling prejudice, *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997), and it cannot be met by "mere conclusory allegations." *Walser*, 3 F.3d at 386 (internal quotes omitted).

All three defendants argue that unknown evidence relevant to Counts Seven and Eight but inadmissible as to Counts One and Nine could come in and that limiting instructions would be ineffective to keep the jury from considering the evidence as to their liability under the latter counts. (Doc. 208 at 5-6; Doc. 209 at 2-3; Doc. 210 at 7-9). The trouble is that neither they nor the Court knows what evidence the government may seek to introduce in support of Counts Seven and Eight. There presumably will be

---

[5] The Court does not credit the government's self-serving assertion that Stanley's actions under Counts Seven and Eight constitute overt acts under Counts One and Nine even though they are not so alleged in the indictment. (Doc. 239 at 5). *See United States v. Dominguez*, 226 F.3d 1235, 1240-41 (11th Cir. 2000) (although a court may look beyond the face of the indictment to find joinder proper under Rule 8, it may look only to a governmental "proffe[r] [of] evidence"). The government's ipse dixit does not constitute a proffer of evidence.

evidence from D.W. or from an FBI agent as to the information D.W. provided and/or would have provided, but for all the Court knows this will be but a subset of the evidence the government may appropriately use to establish the conspiracies under Counts One and Nine. Perhaps the government will elicit hearsay, or perhaps it will elicit evidence of overt acts not charged in Counts One and Nine, but the Court cannot grant a severance based on wild guesses about what will transpire at trial. Nor can the Court assume in advance that the jury will be unable to follow instructions to limit their consideration of evidence to the count and/or defendant as to which it is admitted.[6]

Stanley offers additional arguments. First, he says that differing burdens of proof will hopelessly confuse the jury. In particular, while the government must prove the *actual* commission of federal offenses under Counts One and Nine, it must prove only the *possible* commission of these offenses under Counts Seven and Eight. (Doc. 208 at 5). It is not immediately apparent how a properly instructed jury could fail to appreciate the difference between actual and possible.

Second, he argues that he would be prejudiced by an April trial on Counts Seven and Eight because the government has interfered with his efforts to obtain, by public records request, information stored on a City-owned laptop used by D.W. (Doc. 208 at 7). This argument has been mooted by the delay of trial to May 21, 2012. (Doc. 243).[7]

Finally, Stanley argues that his Speedy Trial Act rights would be violated by forcing him to trial on Counts Seven and Eight in April. (Doc. 208 at 7). This argument as well has been rendered moot.

---

[6] That the defendants cannot now establish compelling prejudice does not mean they can never do so. Depending on the circumstances, a trial judge may be obliged to revisit a pretrial ruling denying a motion to sever. *United States v. Benz*, 740 F.2d 903, 913 (11th Cir. 1984).

[7] As of this writing, the laptop has not been returned to the City. (Docs. 247, 273). It is anticipated, however, that this return will be accomplished well in advance of May 21.

**D. Conclusion.**

For the reasons set forth above, the defendants' motions to sever are **denied**.

DONE and ORDERED this 18th day of April, 2012.

                                                  s/ WILLIAM H. STEELE
                                                  CHIEF UNITED STATES DISTRICT JUDGE