**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 11-00262-WS** |
| | ) | |
| **STANLEY MARSHALL WRIGHT,** | ) | |
| **MARY L. WRIGHT and** | ) | |
| **JANEY GALBRAITH,** | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the United States' Third Motion *in Limine* (Doc. 72), Defendant Stanley Marshall Wright's Response (Doc. 97), Defendant Mary L. Wright's Response (Doc. 140), and the United States' Reply (Doc. 121).

Specifically, the United States seeks a preliminary order prohibiting the defendants from telling the jury in their opening statements that they expect the evidence would include: 1) a note from Mary Wright to her tax preparer regarding the sale of the property; and 2) a memo from A.L. Hollingworth concerning an appraisal of the land at issue. The United States argues that both constitute inadmissible hearsay.

As to the note to the tax preparer, this issue may be moot since the Government stated at a hearing that it does not intend to present any evidence concerning Mary Wright's tax return. If the issue is not moot, the motion is **GRANTED**, as the note is clearly hearsay.[1]

As to the memo of A.L. Hollingsworth, the Government's motion is **DENIED.**

Defendants contend that Mr. Hollingsworth was hired by the City of Bayou La Batre to give an appraisal of several right of ways that needed to be acquired by the City to provide

---

[1] The evidence may be admissible, if Mary Wright chooses to testify, as a prior consistent statement.

entrance into the Safe Harbor Estates. Mr. Hollingsworth provided his opinions in an October 18, 2007 memo to Craig Bryant, City of Bayou La Batre engineer. Mr. Hollingsworth is now deceased.

The appraisal of the property and the price the City paid for the property is at the heart of this prosecution. In fact, the United States has noticed an expert on the issue. The memo would support an argument that the amount paid for the property was based on an independent appraisal that explains the rationale for the City paying what the United States now views as an exorbitant price. Thus, the Court rejects the Defendants' notion that the memo would not be offered for the truth of the matter asserted.

The Court agrees with the United States that the memo is clearly neither a record of nor a statement in a document that affects an interest in property. Thus it does not fall within the Fed. R. Evid. 803 exceptions argued by the Defendants.[2]

The Court now turns to the residual exception under Rule 807, which provides in part:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed. R. Evid. 807. The residual hearsay exception applies only when "certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present[.]" United Tech. Corp. v. Mazer, 556 F.3d 1260, 1279 (11th Cir. 2009) (internal quotation marks omitted).

---

[2] While the defense has not suggested it, it would appear that perhaps the memo would be admissible as a business record pursuant to Fed. R. Evid. 803(6). However, the Court does not have sufficient facts to make that determination.

The Court finds that exceptional guarantees of trustworthiness and a high degree of probativeness appear to exist. Additionally, each of the three (3) prongs of Rule 807 is met. First, as previously explained, this appears to be evidence of a material fact. Second, the proponent cannot procure this evidence otherwise because the declarant is deceased. Third, and most important, <u>if</u> the City of Bayou La Batre hired the independent appraiser and there is evidence of his expertise and independence (which has been proffered in other pleadings regarding potential witnesses), then there is a high degree of trustworthiness.

<u>To be clear, the Court is not ruling on the admissibility of the evidence.</u> Rather, the Court is denying the United States' motion *in limine* requesting an advance ruling. The purpose of a motion *in limine* is to omit evidence that is clearly inadmissible. <u>See, e.g.</u>, <u>United States v. Mohammad</u>, 2012 WL 1605472, at *5 (N.D. Ohio May 8, 2012); <u>Gonzalez v. Metro. Delivery Corp.</u>, 2012 WL 1600557, at *2 (S.D. Fla. May 7, 2012); <u>Zimmcor (1993) Inc. v. Permasteelisa N. Am. Corp.</u>, 2012 WL 1444100, at *2 (N.D.N.Y. Apr. 26, 2012); <u>Modrell v. Riddle</u>, 2012 WL 359695, at *1-2 (W.D. Ky. Feb. 2, 2012); <u>Hodgetts v. City of Venice, Fla.</u>, 2011 WL 2183709, at *1 (M.D. Fla. June 6, 2011). Moreover, "a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." <u>Luce v. United States</u>, 469 U.S. 38, 41 (1984).

**DONE** and **ORDERED** this the **16**th day of **May 2012**.

<u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**