IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION NO. 11-00262-KD |
| | ) | |
| JANEY GALBRAITH, | ) | |
|     Defendant. | ) | |

**ORDER**

This action is before the Court on the Motion for Judgment of Acquittal or for New Trial filed by Defendant Janey Galbraith ("Galbraith") (Doc. 342) and the United States' response thereto (Doc. 345). Upon consideration, Defendant's motion is **DENIED**.

**I.    Statement of the Law**

    **A.    Motion for Judgment of Acquittal**

Rule 29 of the Federal Rules of Criminal Procedure states that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Rule also provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).

"A motion for judgment of acquittal is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994). In deciding such a motion, "district courts should apply the same standard as that used for reviewing a conviction for sufficiency of the evidence. The Court must view the evidence in the light most favorable to the government and determine whether a reasonable jury could have

1

found the defendant guilty beyond a reasonable doubt." United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989) (internal citations omitted); see also United States v. Friske, 640 F.3d 1288, 1291 (11th Cir. 2011) (the Court must draw "all reasonable inferences and credibility choices in the Government's favor" (citation omitted)).

To sustain a conviction, the evidence need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006) (citation omitted). "The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must accept all reasonable inferences and credibility determinations made by the jury." Sellers, 871 F.2d at 1021 (internal citations omitted). Therefore, a "conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." United States v. Tate, 586 F.3d 936, 944 (11th Cir. 2009) (quoting United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999)). "[T]he relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

### B. Motion for New Trial

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Thus, there are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence . . . ; and the other based on any other reason, typically the interest of justice . . . ." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). The decision whether to grant or deny a motion for new trial rests in the sound

discretion of the trial court.  United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987).

When addressing a Rule 33 motion based on the weight of the evidence, the court may weigh the

evidence and consider the credibility of the witnesses.  United States v. Aguilar, 188 F. App'x

897, 901 (11th Cir. 2006) (citation omitted).  However, a district court "may not reweigh the

evidence and set aside the verdict simply because it feels some other result would be more

reasonable." United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985).  To warrant a new

trial, "[t]he evidence must preponderate heavily against the verdict, such that it would be a

miscarriage of justice to let the verdict stand."  Id.

## II. Analysis

### A. Count One

Inasmuch as they are merely repetitive of the arguments Defendant offered (and the

Court rejected) at the close of the Government's case and at the close of all evidence,

Defendant's arguments regarding the sufficiency of the evidence supporting Count One of the

Third Superseding Indictment (Doc. 180) are unpersuasive and do not merit prolonged

discussion.  Viewed in the light most favorable to the Government, the evidence adduced at trial

supports a rational determination that Defendant is guilty the conspiracy charged in Count One.

See United States v. Powell, 469 U.S. 57, 67 (1984).[1]

---

[1] Defendant devotes nearly a fifth of her brief to reasserting that testimony concerning interactions between the City of Bayou La Batre and Volunteers of America Southeast ("VOA") effected a material variance of the indictment.  Compare Doc. 342 at 17-22 with Doc. 322 at 1-8 and Doc. 331 at 3-4.  Again, the Court rejects Defendant's twice-offered argument.  The VOA evidence was relevant to show how Defendant came to administer the FEMA grant at issue in Count One and to demonstrate the nature of the relationship between Galbraith and co-defendant Stanley Marshall Wright.  See United States v. Lopez, 649 F.3d 1222, 1248 (11th Cir. 2011) (testimony of pre-conspiracy drug dealings properly admitted to show when conspiracy began and to provide context); see also United States v. Spaeni, 60 F.3d 313, 316 (7th Cir. 1995) (government did not expand conspiracy beyond dates contained in indictment where evidence of

### B. Count Nine

In a handful of one- and two-sentence paragraphs, Defendant's challenges 1) the sufficiency of the evidence supporting her conviction on Count Nine and 2) the constitutionality of 18 U.S.C. § 1516, which criminalizes obstruction of a federal audit. (Doc. 342 at 24-25). Defendant offers no support for her bare-bones arguments. Whereas "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work," United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), the Court summarily rejects Defendant's contentions.

### C. Counts Thirteen, Fourteen, and Fifteen

The argument with respect to the remaining counts pertains to the Court's refusal to instruct the jury that materiality is an element of federal audit obstruction. (Doc. 342 at 25-29). The Court rejects Defendant's argument for the reasons stated on the record when Defendant first requested a materiality instruction and relied on Neder v. United States, 527 U.S. 1 (1999), the same inapposite Supreme Court authority that Defendant now cites in her brief.

## III. Conclusion

For the reasons stated herein, Defendant's motion for judgment of acquittal or new trial (Doc. 342) is **DENIED**.

**DONE** and **ORDERED** this the **18th** day of **July 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

pre-conspiracy acts explained how conspiracy began and provided a context for the jury to evaluate the alleged conspiratorial acts).