**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **Criminal Action No. 11-00262-KD** |
| | ) | |
| **STANLEY MARSHALL WRIGHT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on the United States' supplemental notice of expert witness to be utilized in its case-in-chief (doc. 379), the motion to strike the notice and exclude expert witness testimony filed by defendant Stanley Marshall Wright (doc. 381), the Government's response (Doc. 391) and Wright's reply (Doc. 395). Upon consideration and for the reasons set forth herein, the motion to strike is CARRIED to TRIAL.

Background

Stanley Wright and co-defendant Mary L. Wright were initially indicted on September 30, 2011 (doc. 1). On November 23, 2011, co-defendant Janey Galbraith was indicted with Stanley Wright and Mary L. Wright in the superseding indictment (doc. 41). On January 27, 2012, a second superseding indictment against all defendants was entered (doc. 118). A third and final superseding indictment was entered on March 1, 2012 (doc. 180). All the while, discovery was underway and the Court addressed numerous motions and notices including notices as to expert witness testimony.[1] The trial was continued several times which necessitated

---

[1] *See* Doc. 150, order on status conference entered February 14, 2012 and setting February 27, 2012 as the deadline for expert disclosures; Docs. 111, 158, 157, 162, 163, notices of experts and expert disclosures filed February 2012; Docs. 76, 84, notices of experts and expert disclosures filed January 2012; Docs. 57, notice of expert witness filed December 2011.

amendments to the deadlines in the scheduling orders as well as the deadlines for expert disclosures.

> Ultimately, on April 3, 2012, the Court set the following schedule:
>
> The original indictment was filed September 30, 2011, and the third superseding indictment was filed March 1, 2012, (Doc. 180), yet the parties continue to file motions and notices. Trial is set for May 2012, with jury selection April 30, 2012. Accordingly, it is ordered that all pretrial motions under Rule 12(b), all motions in limine, all notices of Rule 404(b) evidence, and all other pretrial motions or notices of any kind shall be filed and served no later than April 6, 2012. It is ordered that all responses to the same shall be filed and served no later than April 13, 2012.

(Doc. 245) (footnotes omitted). [2]

Trial was scheduled to begin on May 21, 2012. However, as to Stanely Wright, the United States filed a notice of interlocutory appeal on May 17, 2012 (doc. 306) and his trial was stayed. Trial was held as to defendants Mary L. Wright and Janey Galbraith (doc. 339, order on jury trial).

On January 15, 2013, the Court of Appeals for the Eleventh Circuit dismissed the interlocutory appeal for lack of jurisdiction. On January 16, 2013, this Court entered an order setting the action for jury selection on February 4, 2013 with trial to begin on February 25, 2013. The Court also set a deadline of January 31, 2013 for the parties to file any proposed voir dire. However, no other deadlines were amended and thus, as to notice of expert witness testimony pursuant to Fed. R. Crim. P. 16(a)(1)(G),[3] the order of April 3, 2012 that required notices to be

---

[2] At the time the order was entered, defendant Wright had filed a motion to exclude the testimony of the United States' expert real estate appraiser and expert land surveyor. On April 19, 2012, the district court denied defendant Wright's motion (doc. 277).

[3] "(G) Expert witnesses --At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the (Continued)

filed and served on or before April 6, 2012, remained the operative order.

The United States has now filed a supplemental notice of expert witness wherein it notifies defendant Wright that it intends to utilize forensic accountant C. O. McCawley, Jr., as an expert witness in its case-in-chief (doc. 379). The United States' notice contains a brief statement of the intended testimony:

> He will testify that he reviewed financial records in this case and identified the tax consequences of the transfer of land and associated money transfers between Stanley Wright, Mary Wright and the City of Bayou Batre. He will further testify that he has reviewed Mary Wright and Stanley Wright's tax returns for the relevant year of 2007 and will explain how they treated the financial transactions.

(*Id*.).

In a report dated February 7, 2013, Mr. McCauley provided his opinions regarding the tax consequences of the land transaction to both Mary Wright and Stanley Wright.

Wright moves the Court to strike the notice and exclude the expert testimony because the notice is untimely. Wright points out that the United States has investigated the case for two years and the third superseding indictment has been pending since March 2012 (doc. 381). Wright also states that it is too late for him to obtain an expert to counter the opinion of Mr. McCauley and posits that Mr. McCauley's opinion is flawed.

Analysis

Upon entry of the April 3, 2012 order (doc. 245), the parties were under an obligation to file and serve "notices of any kind" no later than April 6, 2012. The Court construes the phrase

---

government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G).

"notice of any kind" to include notice of expert witness testimony pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. Thus, the parties were specifically ordered to file and serve notice of expert witness testimony by April 6, 2012.

The United States did not move for leave of Court to extend the deadline set in the order. Instead, the United States filed its notice of expert witness on January 25, 2013, over eight months after the deadline and a month before Stanley Wright's trial is scheduled to begin on February 25, 2013. Moreover, the substance of the testimony was not provided until February 7, 2013.

The government contends that the Wright is not prejudiced by the late notice and report because Stanley Wright has "been on notice for almost one year that the United States intended to introduce evidence that Mary Wright's tax return was consistent with [the allegation that the land transfer was not a loan or gift to Mary Wright]." (Doc. 391, p. 3). The problem with the government's position is two-fold. First, as of April 20, 2012, and because of Judge Steele's order (Doc. 280)[4], the government was aware that the evidence of the Mary Wright's tax returns would not be allowed unless a tax expert was used to establish a taxable gain." Second, there is no evidence, or argument by the government, that the Stanley Wright had any notice that his own tax returns may be at issue. Regardless, it is obvious that the untimely notice and report prejudices Stanley Wright ability to rebut the expert's report.

Moreover, it should be noted that it was the government that delayed this trial by filing a premature appeal. The government should not be able to benefit from this delay. However,

---

[4] "[T]he government will not be permitted to introduce Mary's tax return without a proper showing that, under those complicated rules, Mary in fact had a taxable gain. 2 The government has identified no tax expert who could identify the legal measure of a daughter's basis in a parcel transferred from her father for no consideration."

4

setting the basis for the delay aside, the government had eight months to find an expert and get an opinion.  The government gives no explanation why the appeal prevented it from making the necessary arrangements to obtain an expert and provide defense with a timely report.   The government would be in a much better position to argue a lack of prejudice had it done so.

      Because the exclusion of relevant evidence is an extreme sanction, the court withholds ruling on the motion in an effort to allow the prejudice to defendant to be cured.  Defense counsel should use his best effort to retain the services of an expert.  Said expert will be allowed to give his opinion without the requirement of a report.  If the defendant is unable to obtain an expert prior to the government calling its expert, he is granted leave to renew his motion.

      DONE and ORDERED this the 20th day of February, 2013.

                                                s/ Kristi K. DuBose
                                                KRISTI K. DuBOSE
                                                UNITED STATES DISTRICT JUDGE